# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JACQUELINE ANGLE, on behalf of
herself and all others similarly situated,

      Plaintiff,

v.

DELRAY FOOD SERVICES, INC., a Florida
corporation d/b/a Johnnie Brown's Restaurant,
and CONSTANTINE NICHOLAS, an individual,

      Defendants.
_____/

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JACQUELINE ANGLE ("Plaintiff"), by and through her undersigned counsel, and on behalf of herself and all others similarly situated, sues the Defendants, DELRAY FOOD SERVICES, INC., a Florida corporation d/b/a Johnnie Brown's Restaurant, and CONSTANTINE NICHOLAS ("Nicholas"), an individual (hereinafter, collectively referred to as "Defendants") and alleges as follows:

1. Plaintiff, a former employee of Defendants, brings this collective action on behalf of herself and all other similarly situated tipped employees of Defendants to recover compensation and other relief under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq.

## JURISDICTION AND VENUE

2. The Defendant DELRAY FOOD SERVICES, INC., resides and has its principal business activity in Delray Beach, Florida.

1

3. At all times material hereto, Defendants were operating a bar and restaurant – Johnnie Brown's Restaurant -- located in Delray Beach, Florida, and hence were conducting business in this judicial district.

4. The Defendant, CONSTANTINE NICHOLAS, is a manager of Johnnie Brown's Restaurant.

5. The unlawful employment practices alleged below were committed within this judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (creating federal jurisdiction over claims arising under 29 U.S.C. § 206).

## FACTUAL ALLEGATIONS

8. At all material times, Johnnie Brown's Restaurant used, purchased, and sold materials and goods in interstate commerce.

9. At all material times, Johnnie Brown's Restaurant had annual gross revenues in excess of $500,000.

10. Johnnie Brown's Restaurant was and is an enterprise engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all material times, Nicholas, in his capacity as manager for Johnnie Brown's Restaurant, exercised supervisory authority over the Plaintiff and others similarly situated, and was responsible in whole or part for the alleged violations while acting in the interests of his employer. Nicholas made decisions concerning day-to-day operations, hiring, firing, promotions, personnel matters, work schedules, pay policies, and compensation.

12. At all material times, Defendants were the "employer" of the Plaintiff and others similarly situated as that term is defined in 29 U.S.C. § 203(d).

13. Plaintiff was hired and employed by the Defendants as a bartender and server on or about December 16, 2015 and worked until her separation from employment on or about October 17, 2016.

14. Plaintiff and others similarly situated, as part of the job of bartender and/or server, handled goods that moved in interstate commerce, took payments from customers who were out-of-state, and processed payments that came from out-of-state banks or credit card issuers.

15. Plaintiff and others similarly situated are or were servers or bartenders at Johnnie Brown's Restaurant as to whom the employer defendants used the tip credit to pay a wage below the minimum wage applicable to non-tipped employees.

16. Plaintiff and others similarly situated are or were "tipped" employees as defined in 29 U.S.C. § 203(t).

17. Defendants claimed a 'tip-credit' for Plaintiff and others similarly situated and paid these employees less than the minimum wage set forth in 29 U.S.C. § 206(a)(1)(C).

18. Under Department of Labor regulations, 29 C.F.R. § 531.59(b), an employer must provide the following information to a tipped employee before the employer may use the FLSA tip credit:

    (a) the amount of cash wage the employer is paying a tipped employee, which must be at least $2.13 per hour;

    (b) the additional amount claimed by the employer as a tip credit, which cannot exceed $5.12;

(c) that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee;

(d) that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

(e) that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

19. The Defendants failed to comply with the "tip-credit" requirements under the FLSA and regulations promulgated thereunder due to their failure to provide the legally required notice.

20. The Defendants' failure to comply with the FLSA "tip-credit" requirements bars Defendants from claiming a "tip-credit" for Plaintiff and others similarly situated.

21. Because Defendants failed to discharge the legal preconditions for claiming the tip credit, Defendants are required to compensate Plaintiff and others similarly situated with at least the applicable minimum wage during the time periods of recovery, net of the sub minimum wage paid.

22. Defendants willfully refused to properly compensate Plaintiff, and others similarly situated, in violation of the FLSA, as the aforementioned "tip-credit" was claimed despite the fact that Defendants had failed to comply with the 'tip-credit' requirements under the FLSA and implementing regulations.

23. All records concerning the number of hours worked by Plaintiff and others similarly situated are in the exclusive possession and sole custody and control of the Defendants and, therefore, Plaintiff is unable to state at this time the exact amount due. Plaintiff, however,

will endeavor to obtain such information by appropriate discovery proceedings or otherwise to be undertaken promptly in this case.

24. Plaintiff seeks to maintain claims on her own behalf and on behalf of a class of current, former, and future bartenders, wait staff servers, or other persons employed by Defendants and who are, were or will be paid a sub-minimum or "tipped" wage at any time during the applicable liability period and as to whom the Defendants will use or take a tip credit.

## COUNT I

25. Plaintiff, and others similarly situated, incorporate by reference the allegations contained in paragraphs 1 through 24 of this Complaint.

26. Plaintiff, and others similarly situated, are entitled to the minimum wage for all hours worked pursuant to the FLSA.

27. By reason of the intentional, willful and unlawful acts of the Defendants, in violation of the FLSA, Plaintiff and others similarly situated have suffered damages.

WHEREFORE, Plaintiff, JACQUELINE ANGLE, on behalf of herself and all others similarly situated, demand judgment against the Defendants, jointly and severally, for all damages and relief under the FLSA, including but not limited to liquidated damages, attorneys' fees, interest, costs and expenses, all equitable relief, in addition to all other relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable of right by jury.

Respectfully submitted,

                                        **/s/ Mark J. Beutler**
                                        Mark J. Beutler, Esq.
                                        Florida Bar No. 0023400
                                        E-mail: mjb@mjbpa.com
                                        **Law Offices of Mark J. Beutler, P.A.**
                                        One Datran Center
                                        Suite 1500
                                        9100 South Dadeland Boulevard
                                        Miami, Florida 33156
                                        Telephone: (786) 497-7710
                                        Facsimile: 786-513-4651

                                        *Attorney for Plaintiff and opt-in class members*